UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE L. AYALA, | No. 2:16-cv-00418-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| SODEXO, INC., et al., | |
| Defendants. | |

Guadalupe Ayala prefers to litigate her claims against Sodexo, Inc. and Sodexo America, LLC in Yolo County Superior Court. She moves to remand the case after Sodexo America removed it last month. The court held a hearing on March 18, 2016. Craig Mayfield appeared for Ms. Ayala, and Howard Skebe appeared for the Sodexo entities. The motion to remand is denied.

I.   MOTION TO REMAND

Ms. Ayala filed her complaint in state court in February 2014. Not. Rem. Ex. A, at 1, ECF No. 1-3. She claimed Sodexo, Inc. was responsible for a broken hot-water reservoir she fell into at her job at the University of California in Davis. *Id.* at 5–6. In August 2015 she amended her complaint to add Sodexo America in place of a Doe defendant, *id.* at 78, and Sodexo America removed the case to this court on February 26, 2016, ECF No. 1. Ms. Ayala moved to

1

remand the case to state court on April 1, 2016.  ECF No. 3.  She argued the defendants "failed to timely remove the matter (30 day requirement) pursuant to 28 U.S.C. section 1446(b)(3)."  *Id.* at 1.  Sodexo America opposed the motion.  ECF No. 5.  No reply was filed.

A defendant may remove a state-filed civil action to the U.S. district court that embraces the place the civil action is pending.  28 U.S.C. § 1441.  Removal is proper only if the district court has original jurisdiction over the state action.  *See id.*  This action falls within this court's diversity jurisdiction under 28 U.S.C. § 1332:  Ms. Ayala is a citizen of California.  *See* Mot. Remand at 2, 10, ECF No. 3.  Sodexo, Inc. and Sodexo America, LLC are both Delaware corporations with headquarters in Maryland.  Not. Removal ¶ 14.  The amount in controversy is greater than $75,000.  *See id.* Ex. C, at 4, ECF No. 1-5 (Ms. Ayala estimates general damages of $350,000, special damages of at least $67,000, and punitive damages of $500,000).

Congress defined an additional timing requirement in 28 U.S.C. § 1446(b).  "[S]ection 1446(b) identifies two thirty-day periods for removing a case.  The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained."  *Id.* (quoting 28 U.S.C. § 1446(b)).

As noted above, Ms. Ayala argues Sodexo America removed this case after its thirty-day window closed and moves to remand.  But her chance to file that motion has itself already passed.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  28 U.S.C. § 1447(c).  The notice of removal was filed on February 26, 2016.  ECF No. 1.  The date thirty days after February 26 was Sunday, March 27, which meant the deadline for her motion was Monday, March 28, 2016.  *See* Fed. R. Civ. P. 6(a)(1).  Ms. Ayala's motion was filed April 1, 2016.  ECF No. 3.  Because the thirty-day time limits imposed by § 1446(b) are

procedural, not jurisdictional, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014), her motion is denied.

At hearing, Ms. Ayala argued for the first time that Sodexo did not promptly give her written notice of the removal. Her attorney explained that although the notice was processed and filed on the court's case management/electronic case filing system, at that time he was not registered in the electronic system and did not receive service for five days after the notice was filed.

Section 1446(d) requires a defendant who removes a case to give written notice of removal to all parties "promptly" after filing a notice of removal. 28 U.S.C. § 1446(d). A defendant's delay does not lead inevitably to remand. *See, e.g.*, *Tony & Danny Corp. v. N. Am. Capacity Ins. Co.*, No. 07-00413, 2008 WL 3349074, at *4 (D. Haw. Aug. 12, 2008), *report and recommendation adopted*, 2008 WL 4112027 (D. Haw. Sept. 4, 2008). A five-day delay is sufficiently prompt for purposes of § 1446(b)—"promptly" does not mean "simultaneously." *See, e.g.*, *Campbell v. PPL Mont., LLC*, No. 10-23, 2010 WL 2718998, at *3 (D. Mont. June 8, 2010), *report and recommendation adopted*, 2010 WL 2735665 (D. Mont. July 7, 2010). Motions to remand have been denied despite much longer delays. *See, e.g.*, *id.* (collecting authority to show "short" delays on the order of days or even months were sufficiently "prompt"); *but see Coletti v. Ovaltine Food Prods.*, 274 F. Supp. 719, 723 (D.P.R. 1967) (five days' delay was not prompt). Here, where counsel acknowledges receipt of the notice in time to file a timely motion to remand, the case will not be remanded on the basis of § 1446(d).

II.     MEET AND CONFER CERTIFICATION

This court's standing order provides, "Prior to filing a motion in a case where the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." Standing Order at 3, ECF No. 2-1 (emphasis omitted). As reviewed with counsel at hearing, Mr. Mayfield did not provide

1  the required certification with his client's motion to remand.  Sanctions may be imposed against
2  any counsel for failure to comply with this court's standing orders in the future.
3  III.     CONCLUSION AND SCHEDULING
4           The motion to remand is DENIED.
5           As discussed at hearing, initial disclosures shall be completed within fourteen
6  days.  By the same date, counsel shall also meet and confer and file the joint statement described
7  in paragraph five of this court's order filed on February 26, 2016, ECF No. 2.  The status
8  conference currently set for July 7, 2016 is VACATED.
9           This order resolves ECF No. 3.
10          IT IS SO ORDERED.
11  DATED:  May 19, 2016.

_____
UNITED STATES DISTRICT JUDGE